United States District Court
Northern District of California

| | |
|---|---|
| DARWIN C. EDWARDS, AH9825, | Case No. 16-cv-06668-CRB (PR) |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | (ECF Nos. 23 & 32) |
| ROSELLE BRANCH, M.D., | |
| Defendant. | |

Plaintiff Darwin C. Edwards, a prisoner currently incarcerated at California State Prison, Corcoran (CSP – Corcoran), filed a pro se complaint under 42 U.S.C. § 1983 alleging inadequate medical care while he was incarcerated at: (1) the California Training Facility (CTF) from early 2014 through January 2016, (2) Chuckawalla Valley State Prison (CVSP) from January 2016 through September 2016, and (3) Valley State Prison (VSP) from September 2016 through November 2016. Plaintiff was transferred to CSP – Corcoran shortly after he filed this action.

Per order filed on May 24, 2017, the court (Ryu, M.J.) found that plaintiff's allegations that, while he was incarcerated at CTF, Dr. Roselle Branch failed to treat his right sided inflammation and pain state a cognizable § 1983 claim for damages against Dr. Branch for deliberate indifference to serious medical needs in violation of the Eighth Amendment and ordered the United States Marshal to serve Dr. Branch at CTF. The court dismissed plaintiff's claims for damages against the named prison officials at CVSP and VSP without prejudice to filing in the proper venue (Central District and Eastern District, respectively) and dismissed as moot any claims for injunctive relief against the named prison officials at CTF, CVSP and VSP.[1]

---

[1] Although the magistrate judge dismissed claims without the consent of all named defendants, the undersigned has reviewed de novo plaintiff's complaint and similarly dismisses plaintiff's claims for damages against the named prison officials at CVSP and VSP without prejudice to filing in the proper venue and dismisses as moot any claims for injunctive relief against the named prison

Dr. Branch now moves for summary judgment under Federal Rule of Civil Procedure 56 on the ground that there are no material facts in dispute and that she is entitled to judgment as a matter of law. Plaintiff has filed an opposition and Dr. Branch has filed a reply.

## BACKGROUND

Unless otherwise noted, the following facts are undisputed:

While plaintiff was incarcerated at CTF, he complained of "stomach" and "right side inflammation and pain." Compl. (ECF No. 1) ¶ 5. Dr. Branch and other health care providers at CTF ordered and showed plaintiff various labs and tests that came back normal, and had plaintiff "complete[]" treatment for Helicobacter Pylori (bacterial infection of the stomach and duodenum causing frequent abdominal pain)." Branch Decl. (ECF No. 23-2) ¶ 4. But plaintiff continued to complain of "hepatis diabetic-like symptoms." Compl. ¶ 12.

By July 1, 2014, Dr. Branch began to wonder if plaintiff had a "somatoform disorder, which refers to a syndrome consisting of physical findings that cause substantial distress and psychosocial impairment and are not explained by a known general medical disease," and decided to refer him to mental health. Branch Decl. ¶ 5.

Despite her suspicion of a somatoform disorder, on July 15, 2014 Dr. Branch sent plaintiff to Natividad Medical Center for an upper GI endoscopy (EGD). "Nothing [remarkable] was found and the examining doctor assessed plaintiff's condition as Gastritis (inflammation of the stomach lining)." Id. ¶ 6; accord EGD Report at 1-2 (ECF No. 1-3 at 3-4).

On August 8, 2014, Dr. Branch sent plaintiff for a CT scan of his abdomen. The CT scan report noted that "[t]he liver, gallbladder, bile ducts, spleen, pancreas, left kidney, and adrenal glands are unremarkable. There is a small cyst in the lower pole [of] the right kidney." CT Scan Report at 1 (ECF No. 1-3 at 11). The report also noted that "[t]he visualized gastrointestinal tract is unremarkable without evidence of obstruction or inflammatory pathology. The appendix is visualized as a normal structure." Id. The radiologist concluded, "No intra-abdominal pathology identified." Id. Plaintiff "claimed the test had not been done correctly." Branch Decl. ¶ 7.

By March 16, 2015, plaintiff still believed that he was diabetic and had hepatitis, "despite numerous tests and assurances that he did not have these problems." Id. ¶ 9; accord Mar. 30, 2016 Second Level HC Appeal Response at 1-2 (ECF No. 1-2 at 75-76) (summarizing lab reports showing plaintiff was not diabetic and did not have hepatitis).

---

officials at CTF, CVSP and VSP.

2

On September 4, 2015, Dr. Branch requested a renal ultrasound in response to plaintiff's persistent complaints of right flank pain. "The results were returned on September 22, 2015 as unremarkable, normal kidneys and bladder." Branch Decl. ¶ 11.

On September 16, 2015, an interdisciplinary meeting was convened to discuss how best to treat plaintiff. The meeting was attended by Dr. Branch, nurses Grant and Deluna, and psychologists Keller and Wynn. "It was concluded that plaintiff should continue to receive medical and mental health care as needed." Id. ¶ 12.

By November 21, 2015, plaintiff's primary diagnosis was listed as somatoform disorder. "Somatization disorder is believed to be due to psychological causes." Id. ¶ 13.

On January 4, 2016, plaintiff was transferred to CVSP. "A mental health referral for his history of Somatization disorder was ordered." Id. ¶ 14.

## DISCUSSION

A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings to demonstrate the existence of a genuine dispute of material fact by "citing to specific parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c). A triable dispute of material fact exists only if there is sufficient evidence favoring the nonmoving party to allow a jury to return a verdict

for that party. Anderson, 477 U.S. at 249. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323.

There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 249. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249-50.

B. Analysis

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical need is serious if failure to treat it will result in "significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citation and internal quotation marks omitted). A prison official is "deliberately indifferent" to that need if she "knows of and disregards an excessive risk to inmate health." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between a prisoner and a physician – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference. Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Even proof that a physician was negligent or committed medical malpractice is insufficient to make out a violation of the Eighth Amendment. Farmer, 511 U.S. at 835-36 & n.4; Toguchi v. Chung, 391 F.3d 1051, 1058, 1060 (9th Cir. 2004). To show deliberate indifference in violation of the Eighth Amendment, the prisoner-plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to plaintiff's health. Snow, 681 F.3d at 988; Toguchi, 391 F. 3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff claims that Dr. Branch was deliberately indifferent to his serious medical needs because she discounted his complaints of right sided inflammation and pain as "unfounded or made up in his head." Compl. ¶ 10. But the undisputed evidence in the record shows that Dr. Branch did not disregard plaintiff's complaints. Despite her documented belief that plaintiff may

4

have had a somatoform disorder, Dr. Branch referred plaintiff for an EGD, abdominal CT scan and renal ultrasound, and ordered various laboratory tests. None of these studies or tests showed any internal obstruction, inflammation or pathology, or indicated that plaintiff had diabetes or hepatitis. Plaintiff's contention that Dr. Branch should have questioned the results of the studies/tests and done more is not enough for a reasonable jury to find that she was deliberately indifferent to plaintiff's serious medical needs. Plaintiff sets forth no evidence showing that the studies/tests were unreliable and that Dr. Branch knew this and ignored it, or that Dr. Branch ignored any other obvious risk to plaintiff's health. See Toguchi, 391 F.3d at 1057 & n.4 (prison official does not violate 8th Amendment if she should have been aware of risk, but was not).

Dr. Branch is entitled to summary judgment on plaintiff's § 1983 claim for damages for deliberate indifference to serious medical needs. Despite his assertions to the contrary, plaintiff has not set forth any probative evidence for a reasonable jury to find that the course of treatment Dr. Branch chose was medically unacceptable under the circumstances and that she chose this course in conscious disregard of an excessive risk to plaintiff's health. See Snow, 681 F.3d at 988; Toguchi, 391 F. 3d at 1058; Jackson, 90 F.3d at 332. That plaintiff's symptoms allegedly continued at CVSP, VSP and CSP – Corcoran does not compel a different conclusion.[2]

/

## CONCLUSION

For the foregoing reasons, Dr. Branch's motion for summary judgment (ECF No. 23) is GRANTED.

**IT IS SO ORDERED**.

Dated: July 30, 2018

CHARLES R. BREYER
United States District Judge

---

[2] Plaintiff's motion (ECF No. 32) for a court order requiring CSP – Corcoran officials to refer him to a private medical facility for various tests is DENIED without prejudice to bringing in a separate action in the Eastern District of California, where CSP – Corcoran lies.

5

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| DARWIN C. EDWARDS,<br><br>        Plaintiff,<br><br>   v.<br><br>ROSELLE BRANCH,<br><br>        Defendant. | Case No. 3:16-cv-06668-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darwin C. Edwards ID: AH9825
CSATF G2-32-4 up
P.O. Box 5244
Corcoran, CA 93212

Dated: July 30, 2018

                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By:_____
                                                Lashanda Scott, Deputy Clerk to the
                                                Honorable CHARLES R. BREYER